Haight, J.
This action was originally brought in justice court. A trial was had resulting in judgment in favor of the plaintiff for $163.78. An appeal was taken to the county court and a re-trial had resulting in a verdict in favor of the plaintiff for $172. From that judgment and the order denying a new trial appeal was taken to this court.
*181 It appears that on the 17th day of May, 1883, the defendants entered into a written contract with one Emerich to peel a quantity of hemlock bark for which they agreed, to pay him $1.75 per cord, the bark to be measured. In June following Emerich delivered his contract to the plaintiff and left the country, abandoning the job. The plaintiff finished the work under the contract so abandoned by Emerich and now seeks to recover pay therefor. On the trial the defendants offered to show that a subsequent contract had been made with Emerich to the effect that the bark was to be weighed instead of measured. This evidence was excluded by the court and exception was taken by the defendants. Undoubtedly this evidence would have been competent, if the plaintiff was performing the work as the assignee of Emerich; but all of the parties agree that there was a subsequent agreement between the plaintiff and defendants, shortly after Emerich left, in which the subject of weight was determined. The plaintiff testified that Cornell, the foreman of the defendants, said that Emerich, before he left, had consented to take weight and he asked plaintiff if he had as soon take weight as measurement; that plaintiff told him he would if he would agree to get the bark out and ship it as fast as it was peeled; that he did not propose to have it lie in the woods two or three days; and subsequently and during the same conversation he testified that he said that he would not take weight and that Cornell assented to that, and said that he could go on with the peeling of the bark. The evidence of Cornell and the defendant Charles A. Bullís is to the effect that the plaintiff agreed to peel the bark and take weight instead of measurement. A question of fact was thus presented for the jury and the question is narrowed to a determination as to what was agreed upon between these parties upon this occasion. In view of this evidence we regard the modification of the contract by Emerich as immaterial. It appears that by measurement there were 242 cords of bark peeled, whilst by weight at the tannery, allowing 2,200 pounds for a ton, there were but 211 cords.
Upon the trial the plaintiff introduced in evidence a letter written to J. S. Whippel, by one French, signed Bullís Brothers. This letter was objected to by the defendants, and an exception was taken to its admission. It appeared from the evidence of one of the defendants that French was their bookkeeper; that he did not write letters unless he was directed to do so; that he did not know whether he was authorized to write this letter or not; that he did not know of his ever having written letters without authority, and does not suppose he did.
We do not deem it necessary to determine whether or. *182 not this testimony was sufficient to permit the letter to be read in evidence, for whether it was or not, the letter did not do the defendants any harm. There is not a word in it that is in conflict with the defendants’ theory of the case, and it is entirely silent upon the question of the weight or measurement of the bark.
It follows that the judgment and order should be affirmed.
Smith, P. J., Barker and Bradley, JJi, concur.